**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**RANDY S. ANDERSON**,

    Plaintiff,

v.

**JO ANNE B. BARNHART,**
**Commissioner of the Social Security**
**Administration,**

    Defendant.

Civil No. 03-2611 (JRT/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Jennifer G. Mrozik, Esq., Northwest Disability Services, 1611 West County Road B, Suite 106, Roseville, MN 55113, on behalf of Plaintiff

Lonnie F. Bryan, Esq., Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, on behalf of Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff Randy Anderson's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff sought judicial review of the determination of the Commissioner of Social Security ("Commissioner") that his prior applications for disability benefits should not be reopened.  On January 20, 2004, this Court recommended that the Commissioner's motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied.  On September 1, 2004, the Honorable John R. Tunheim, United States District Court for the District of Minnesota, denied Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the case to the Social Security Administration for further administrative proceedings.  Plaintiff now requests attorney's fees in the amount of $9,425.00, representing 65 hours at the rate of $145.00 an hour.  The Commissioner objects to an award of fees on the grounds that the position of the United States was substantially justified.  The Commissioner does not challenge the number of hours worked or the rate requested by Plaintiff's counsel.

The EAJA provides for an award of costs and fees to a prevailing party in a civil action against the United States if the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The requirements for requesting costs and fees under EAJA are as follows:

> A party seeking an award of fees and other expenses

> shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing in behalf of the party, stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B).

The position of the United States is substantially justified if it is "'clearly reasonable, well founded in law and fact, solid though not necessarily correct.'" Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986) (quoting United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1318 (8th Cir. 1986)). The position must be one that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565-66 (1988). The Government bears the burden to show that its position was substantially justified. Wheat v. Heckler, 763 F.2d 1025, 1028 (8th Cir. 1985). The position may be substantially justified even though there was not substantial evidence to support the ALJ's decision.

Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted).  That is, a position may be substantially justified even though the Government lost the case.  Pierce, 487 U.S. at 569.

In his request for fees, Plaintiff submits that the Government's position was not substantially justified with respect to whether Plaintiff's prior applications should be reopened.  The District Court found that the ALJ erroneously failed to explicitly consider Plaintiff's mental functioning or give other discretionary reasons in deciding not to reopen the applications or grant Plaintiff an extension of time.

Plaintiff suffers from schizophrenia, and he applied for disability benefits in 1978 and 1980.  Both applications were denied, but Plaintiff did not pursue his administrative remedies.  Plaintiff again applied for benefits in 1999, and as part of this application, Plaintiff asked that his 1978 and 1980 applications be reopened for good cause under 20 C.F.R. §§ 404.988 and 404.989 and under Social Security Ruling ("SSR") 91-5p.  The ALJ granted the 1999 application for benefits but denied the request to reopen the two earlier applications.  The ALJ cited to § 404.988 in his decision but did not mention SSR 91-5p.

On appeal, the District Court acknowledged that Plaintiff had phrased his request as one to reopen the applications, but the District Court

also construed the request as a request for an extension of time in which to request reconsideration of the denial of the applications. The District Court distinguished between requests to reopen and requests for reconsideration. Unlike a request to reopen, a request for reconsideration may be granted for good cause, and the Commissioner is required to make explicit findings. Throughout the proceedings, Plaintiff interchangeably used the terms "re-opening" and "extension of time to request reconsideration. In addition, his reference to SSR 91-5p further indicated to the District Court that he was actually requesting an extension of time to request reconsideration. Although the ALJ examined the medical evidence of Plaintiff's mental state in 1978 and 1980, the District Court faulted the ALJ for not making specific findings with respect to the denial to reopen, and for not explicitly referring to SSR 91-5p. The District Court remanded the case to the Social Security Administration for a determination under SSR 91-5p whether Plaintiff should be permitted an extension of time to request reconsideration.

In Plaintiff's memorandum supporting his petition for attorney's fees, he argues that because the District Court found the decision not based on substantial evidence in the record, the Government's position therefore was not substantially justified. (Pl. Mem. Supp. Mot. Atty. Fees at 6.) As cited in the case law above, however, the standard of substantial justification is

different from that of substantial evidence; whether the Government's position was substantially justified is a lesser standard.  E.g., Welter, 941 F.2d at 676.  Thus, the District Court's finding that substantial evidence did not support the Commissioner's decision does not in and of itself entitle Plaintiff to attorney's fees.

The Court finds that the Government's position was not substantially justified.  Throughout the administrative proceedings and in federal court, Plaintiff characterized his requests as both a request to reopen and a request for an extension of time to seek reconsideration.  Plaintiff directed the ALJ and the court to SSR 91-5p.  However, the ALJ did not mention SSR 91-5p in his decision, and he did not make specific findings regarding either Plaintiff's request for an extension of time or request to reopen.  Although the record contains ample evidence of whether Plaintiff had the mental capacity to understand the procedures for requesting review, as well as Plaintiff's own admission that he understood his right to request review, the ALJ should have included in his decision an explicit discussion of why Plaintiff was not entitled to have his applications reopened or to an extension, referring explicitly to SSR 91-5p.  Because of this significant omission, the Government's position was not well-grounded in law or fact.  The Court recommends that Plaintiff's counsel be awarded attorney's fees in the

amount of $9,425.00.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Randy Anderson's Motion for Attorney's Fees (Doc. No. 21) should be **GRANTED**.  The total award of attorney's fees should be $9,425.00.

Dated:  June 27, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 14, 2005.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.