**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| RANDY S. ANDERSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Civil No. 03-2611 (JRT/JGL)<br><br>**ORDER ADOPTING THE REPORT<br>AND RECOMMENDATION OF<br>THE MAGISTRATE JUDGE** |

---

　　　Jennifer G. Mrozik, **NORTHWEST DISABILITY SERVICES**, 1611 W. County Rd. B, Suite 106, Roseville, MN 55113, for plaintiff.

　　　Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

　　　Plaintiff Randy Anderson ("plaintiff") sought judicial review of the Commissioner of Social Security's decision not to re-open plaintiff's prior applications for disability benefits.  This Court denied both parties' motions for summary judgment, but remanded the matter to the Commissioner for a determination under Social Security Ruling 91-5p of whether plaintiff was entitled to an extension of time in which to request reconsideration of the denial of the prior applications.  Plaintiff now moves the Court for attorneys' fees pursuant to the Equal Access to Justice Act.  28 U.S.C. § 2412(d) (permitting an award of costs and fees to a prevailing party in a civil action against the United States if the position of the United States was not substantially justified).

　　　In a Report and Recommendation dated June 27, 2005, United States Magistrate Judge Jonathan Lebedoff recommended that the Court grant plaintiff's motion.  The

Commissioner objected to the Report and Recommendation, asserting that the Commissioner's denials, although erroneous, were substantially justified. The Court has reviewed *de novo* plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). The Court agrees with the Magistrate Judge that the Commissioner's position in this case was not substantially justified.

A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). As was discussed in this Court's Order remanding for further proceedings, despite the plaintiff's repeated references to and requests for review under SSR 91-5p, the Administrative Law Judge neither mentioned the Ruling nor made the specific findings it requires. As the Commissioner's position failed entirely to mention, analyze, or apply the applicable law, it was not reasonably based in law or fact.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** the defendant's objection [Docket No. 36] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 35]. Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees [Docket No.21] is **GRANTED** in the amount of $9,425.00**.**

DATED: August 3, 2005  
at Minneapolis, Minnesota.

                s/ John R. Tunheim  
                 JOHN R. TUNHEIM  
                United States District Judge